IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DONALD EDWARD TOMLIN**                                                **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 1:15-cv-375-JCG**

**HEALTH ASSURANCE, LLC,**                                              **DEFENDANTS**
**KRISTI BOURN,**
**DR. WAYNE GRAYSON, and**
**JACKSON COUNTY,**
**MISSISSIPPI**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS AND DISMISSING CASE

BEFORE THE COURT is Defendant Kristi Bourn's Motion to Dismiss (ECF No. 46) and Defendant Jackson County, Mississippi's Motion for Summary Judgment (ECF No. 49). Plaintiff Donald Edward Tomlin has not responded to the Motions, despite twice being ordered to do so. Having reviewed the submissions of the parties, the record, and relevant law, the Court finds that Bourn's Motion to Dismiss should be GRANTED. All claims against all Defendants are appropriate for dismissal pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute. Jackson County's Motion for Summary Judgment should be GRANTED because Plaintiff has failed to state a claim and further demonstrated no grounds for municipal liability.

I. BACKGROUND

On July 12, 2015, Plaintiff Donald Edward Tomlin, while incarcerated at the Jackson County Adult Detention Center[1] ("JDADC"), filed a Complaint in this Court alleging that he did not receive adequate medical treatment. (ECF No. 1, at 4). The Court ordered Tomlin to clarify his claims. (ECF No. 6). Tomlin clarified that he was suing Defendants Health Assurance, LLC, Nurse Kristi Bourn, and Dr. Wayne Grayson,[2] for a lack of adequate medical care because he had a boil on his ear that he believes was not properly treated. (ECF No. 7, at 1, 2). Tomlin stated that he was suing Jackson County for a "policy or custom" of not treating prisoners unless they have "life-threatening injuries." *Id.* Tomlin further explained his claims at an omnibus hearing held on September 20, 2016.[3]

Defendant Kristi Bourn filed a Motion to Dismiss on January 17, 2017, asserting that this case should be dismissed for failure to prosecute because Tomlin has failed to keep the court appraised of his current address. (ECF No. 46). With the Motion, Defendant Bourn provided proof that she tried multiple times to deliver documents to Tomlin, and each letter was returned. *Id.* at 1. Tomlin later filed a notice indicating that he had been released from JCADC and now resided in

---

[1] On September 18, 2015 Plaintiff Tomlin was sentenced to five (5) years for the charge of grand larceny to be served in custody of the Mississippi Department of Corrections.

[2] Originally filed as "Dr. John Doe" and clarified by the Plaintiff at the omnibus hearing.

[3] The omnibus hearing functioned as a screening hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Pascagoula, Mississippi. He provided a residence address, which indicates that he is no longer incarcerated.

On February 16, 2017, Defendant Jackson County filed a Motion for Summary Judgment, and supporting memo, arguing that Tomlin has not provided evidence supporting municipal liability under §1983, nor complied with the Mississippi Tort Claims Act's notice provision with respect to any state law claims. (ECF. Nos. 49, 50). Tomlin, to date, has failed to respond to either of Defendants' Motions.

On February 16, 2017, Defendant Health Assurance filed a Notice of Bankruptcy. (ECF No. 51). On February 22, 2017, the Court issued an Order Staying Proceedings against Health Assurance until further order of the bankruptcy court. (ECF No. 55).

The Court then entered two Orders for Tomlin to show cause. (ECF Nos. 56, 59). The first Order, issued on February 22, 2017, gave Tomlin until March 15, 2017, to respond to Defendants' Motion to Dismiss and Motion for Summary Judgment. The second Order, issued May 4, 2017, gave Tomlin until May 25, 2017, to respond to both of Defendants' Motions. Both Orders expressly warned Tomlin that failure to respond could lead to dismissal of his case for failure to prosecute under Federal Rule of Civil Procedure 41(b). Tomlin was also warned that failure to advise the Court of a change of address subjected his case to dismissal. (ECF No. 59). The second Order (ECF No. 59) was sent by certified mail to Tomlin's last known address and signed for by "Myrtle Tomlin." (ECF No. 60). Despite proof that

the Order to Show Cause was delivered, Tomlin has still failed to respond to Defendants' Motions, and he has not attempted to demonstrate why this case should not be dismissed for his failure to prosecute.

## II. DISCUSSION

A. Failure to Prosecute

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss a lawsuit based on the failure of a plaintiff to prosecute his claims or comply with any order of the court. Under this rule, "[t]he court possesses the inherent authority to dismiss [an] action *sua sponte*, without motion by a defendant." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is *necessary* in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

As a general rule, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser

sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the Court finds that Tomlin's conduct shows a clear pattern of delay and contumacious conduct. The record shows that Tomlin has failed or refused to respond to Bourn's Motion to Dismiss and Jackson County's Motion for Summary Judgment, despite being expressly ordered to do so on two separate occasions. Tomlin was twice warned that his failure to respond subjected his suit to dismissal under Rule 41(b) for failure to prosecute. Due to Tomlin's continued disregard for this Court's orders, it is clear that lesser sanctions than dismissal would not prompt diligent prosecution.

Because Tomlin is proceeding *pro se*, the failure or refusal to respond to the Court's Orders and Defendants' Motions can only be attributed to Tomlin himself. Tomlin has been released from JCADC and apparently no longer has an interest in pursuing this case.

As the record in this case amply shows a clear pattern of intentional delay and contumacious conduct on the part of Tomlin, and as the Court has determined that lesser sanctions would not prompt him into abiding by the Orders and Rules of this Court or into pursuing his claims, the Court finds this lawsuit should be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

All claims should be dismissed for failure to prosecute, including those against Health Assurance. The Court has the power to dismiss a case for docket

management purposes under Rule 41(b) regardless of an automatic stay. *Arnold v. Garlock Inc.*, 288 F.3d 234, 237 (5th Cir. 2002).[4] Dismissal of the claims against Health Assurance is appropriate because the Court was not required "to consider other issues presented by or related to the underlying case." *Dean v. TWA*, 72 F.3d 754, 756 (9th Cir. 1995). Additionally, dismissal is proper because, "there was no conceivable way for the court's consideration of the [Rule 41(b)] dismissal to harm the bankrupt [Health Assurance]." *Id.* at 755-56. Dismissal is "consistent with the purpose of [section 362(a)]" because it does not intrude on Health Assurance's "breathing space," instead freeing them up from entangling litigation. *Id.* For these reasons, all claims against all Defendants should be dismissed with prejudice under Rule 41(b).

B. <u>Jackson County's Motion for Summary Judgment</u>

Jackson County is also entitled to summary judgment.  Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If "the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law" the Court shall grant a motion for summary judgment. Fed. R. Civ. P. 56(a). In evaluating a

---

[4] *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (holding that a district court has the power to dismiss a case for failure to comply with court rules, regardless of 11 U.S.C §362(a), in the interest of advancing a crowded docket and preserving respect for the integrity of its internal procedures); *Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1988) (same).

motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which they believe demonstrate the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323-325. If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324-25.

The Plaintiff may not rest upon mere allegations in his Complaint, but must set forth specific facts showing the existence of a genuine issue for trial. *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). The non-moving party cannot satisfy his summary judgment burden with conclusory statements, speculation, and unsubstantiated assertions. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).

1. <u>42 U.S.C. § 1983 Claims</u>

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Instead, § 1983 affords "a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution

and the laws' of the United States." *Id.* (quoting 42 U.S.C. §1983). A fundamental requirement of any § 1983 claim is the existence of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 330 (1986).

"Municipal liability under [S]ection 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)(citing *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978)). The *Piotrowski* requirements for establishing municipal liability are necessary to distinguish isolated violations by individual employees from those violations that can be fairly attributed to the conduct of the government entity itself. *Id.* at 579. As such, government entities, like Jackson County, cannot be held liable for isolated acts of lower level employees but are instead only liable for constitutional violations committed *under an official policy or custom*. *Id.* at 578.

Official policy is ordinarily contained in duly promulgated policy statements, ordinances, or regulations. But a policy may also be evidenced by custom, that is:

> a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy. . . Actions of officers or employees of a municipality do not render the municipality liable under section 1983 unless they execute official policy as above defined.

*Id.* at 579 (citing *Webster v. Houston*, 735 F.2d 838, 841 (5th Cir. 1984)).

While an unconstitutional official policy renders a municipality culpable under Section 1983, even a facially innocuous policy will support liability if it was promulgated with *deliberate indifference* to the "known or obvious consequences" that constitutional violations would result. *Id.* (citing *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)). Deliberate indifference of this sort is a stringent test, and "a showing of simple or even heightened negligence will not suffice" to prove municipal culpability. *Id.* It follows that each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional. *Id.* at 579-80.

In addition to culpability the Plaintiff must establish a direct causal link between the municipal policy and the constitutional deprivation. *Id.* at 580. The causal link must be so strong as to be considered as the "moving force" behind the violation. *Id.*

Tomlin alleges that a boil on his ear was inadequately treated. (ECF No. 1, at 4). Tomlin contends that JCADC has a policy of treating only "life-threatening" conditions. (ECF No. 49-2, at 16). Tomlin maintains that one of the corrections officers – Amanda Shepperson – told him "he might as well give up" as they were not going to treat him unless it was "life-threatening." *Id.* at 18. [5]

---

[5] In an affidavit, Amanda Shepperson states she has no memory of this interaction or of the alleged statements (ECF No. 49-7, at 1).

Plaintiff was examined by medical professionals on more than one occasion regarding the boil on his ear. The boil was medically lanced twice but returned again. Plaintiff was advised he would have to wait for a specialist to assess his condition. Tomlin received medical treatment; he merely disagrees with the treatment and the pace of treatment. Viewing the facts in a light most favorable to Tomlin, he has not alleged conduct that rises to the level of a constitutional violation. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

Tomlin has also failed to provide proof that Jackson County has a policy or custom to deny medical treatment. Defendants, though they do not bear the burden of proof, have offered a "Health Services Agreement" (ECF No 49-3) and a copy of the "JDADC Inmate Handbook" (ECF No 49-4), each of which details the level of medical care available to inmates. Because Tomlin has failed to provide evidence rebutting this evidence and demonstrating that a policy or custom propagated by a policymaker was the "moving force" behind a violation of his constitutional rights, his § 1983 claims against Jackson County fail on the summary judgment record.

2. State Law Claims Against Jackson County.

To the degree that it is possible to construe Tomlin's Complaint as containing state law claims, Tomlin has failed to establish that he complied with the notice requirements of the Mississippi Torts Claim Act ("MTCA"), Miss. Code Ann. § 11-46-11, *et. seq*. Prior to the commencement of a lawsuit against a governmental entity, a plaintiff is required to file a written notice of claim with the chief executive officer of the governmental entity. See Miss. Code Ann. § 11-46-11. In the present

matter, Tomlin has provided no evidence that he has complied with this section of the MTCA. Defendant Jackson County is thus entitled to summary judgment on any potential state law claims.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant Kristi Bourn's Motion to Dismiss (ECF No. 46) is **GRANTED**.

**IT IS, FURTHER, ORDERED** that Defendant Jackson County's Motion for Summary Judgment (ECF No. 49) is **GRANTED**.

**SO ORDERED** this the 20th day of July, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE